Joseph A. Gavagan, J.
The petitioner, having been charged with discriminatory renting practices in violation of the Fair Housing Practices Law of this city (Local Laws, 1957, No. 80 of City of New York), appears in person and seeks to quash and vacate subpoenas issued by the Commission on Intergroup Relations (hereinafter referred to as the “ Commission ”), which was created to administer the local law. The subpoenas are challenged on the ground that they impair the constitutional right of the petitioner against self incrimination and the hearing before the commission is challenged on the ground that the petitioner will be denied his constitutional right to a speedy trial.
The material facts, although somewhat obscured by the petitioner’s personal presentation, are uncontroverted. The petitioner owns or manages housing accommodations in New York City. At various times from March to September, 1958, he refused to show such housing accommodations to persons because of their race or color. On several occasions the petitioner directed the attention of colored applicants to a sign in his office which read in part as follows: “I am refusing to show apartments to negros [sffi] at present on constitutional grounds. I think the new intended regulation of the City Government is unsound and would cause trouble. In any event, it needs testing in the Courts.” Three complaints against the petitioner were received in August and September, 1958. Investigation by the commission revealed cause for such complaints, and the petitioner was invited by the commission to a conciliation conference on October 16, 1958. The petitioner failed to *236 appear for the conference. A hearing Avas then scheduled at the offices of the commission for October 23, 1958, and a subpoena duces tecum was issued requiring the petitioner to produce at the hearing his records shoAving the housing accommodations OAvned or managed by him, the accommodations available for renting on the dates of the complaint and the applications received on such dates. The subpoenas could not be served on the petitioner and the hearing was adjourned from time to time for more than two months. On January 26, 1959, with the aid of a city detective, the petitioner was served with a subpoena and subpoena duces tecum which he challenges on this application.
The commission, among its duties, is required to receive and investigate complaints with respect to discriminatory practices in housing. To implement its investigations, subdivision (5) of section Bl-5.0 of the Administrative Code of the City of New York authorizes the commission, “ To hold hearings, compel the attendance of witnesses, administer oaths, take the testimony of any person under oath and in connection therewith to require the production of any evidence relating to any matter under investigation or in question before the commission.” There can be no doubt that the commission was duly authorized to issue the subpoenas under attack.
It is premature for the petitioner to invoke the Fifth Amendment until such time as he appears at a hearing before the commission and is then required to respond to interrogation and to produce the records referred to in the subpoenas duces tecum. In other words, mere service of a subpoena duces tecum cannot be equated with testifying as a witness against oneself.
This court lacks the discretion or power to anticipate that the commission will attempt to undermine the constitutional prerogatives of any witness, including the petitioner, who appears before it. When the petitioner testifies under oath before the commission, he shall, of course, be granted ample opportunity to plead such constitutional privileges as may be appropriate.
The other contentions of the petitioner are Avithout merit.
The motion is accordingly denied at this time. Settle order.